UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER GILBERT,

                            **Plaintiff,**

   -against-                                          3:09-CV-754 (TJM/DEP)

VILLAGE OF COOPERSTOWN, NEW YORK;
CHIEF OF POLICE DIANA NICHOLS; and
SERGEANT FASSETT,

                            **Defendants.**
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff moves for reconsideration of that portion of the February 25, 2011 Decision and Order [dkt. # 84] that dismissed her hostile work environment claims against the Village of Cooperstown and Defendant Nichols. See Motion, dkt. # 89. Plaintiff contends that there is record evidence creating a question of fact as to when she disclosed to a supervisor the sexual harassment that she was subjected, thereby rendering infirm the decision to dismiss these claims against the Village of Cooperstown on the basis of the Faragher/Ellerth defense and against Nichols on the basis of qualified immunity. Plaintiff argues in the alternative that if the Faragher/Ellerth defense applies, the Court erred in applying it to the New York Human Rights Law ("NYHRL") hostile work environment/sexual

1

harassment claims. Id.[1]  Defendants have opposed the motion.  Dkt. # 100.

## II.   DISCUSSION

In addressing the Faragher/Ellerth defense, the Court looked to the parties' Local Rule 7.1(a)(3) statements and the record evidence cited therein to determine when and to whom Plaintiff reported the alleged course of sexual harassment. See Plf. Resp. L.R. 7.1(a)(3) Stat., ¶ 2;[2] see also Gilbert Dep., pp. 32-33; Gilbert Aff. ¶ 13.  Because the record citations may have included references to complaints about other conduct by Fassett that Plaintiff did not like, see Gilbert Dep. pp. 32-33;[3] Nichols Dep. pp. 41-42,[4] the Court took the addition step of examining the evidence cited in the parties' memoranda of

---

[1] Defendant argues that because the New York State Court of Appeals held in Zakrzewska v. New School, 14 N.Y.3d 469 (2010), that the defense does not apply to claims brought under the New York City Human Rights Law ("NYCHRL"), and because the NYCHRL and the NYHRL are similar, the Zakrzewska holding applies in this case.

[2] Plaintiff provided the following response to Defendant's Local Rule 7.1(a)(3) Statement of Material Facts Not in Dispute:

> **22**.  According to plaintiff's complaint, on or about March, 2008, the plaintiff reported a complaint of sexual harassment against Sergeant Fassett to the Chief. Exh. A, ¶ 20(c).
>
> **PLAINTIFF'S RESPONSE**:  **ADMIT**. Plaintiff states, however, it was not the first time Plaintiff made Defendant Nichols aware of the comments Fassett was making to her. (Gilbert EBT p. 133). Plaintiff discussed multiple comments made to her regarding affairs and breasts by Defendant Fassett to Defendant Nichols before that time and was rebuffed and/or told to not be so sensitive. (Gilbert Affd., ¶ 13).

Dkt. # 41.

[3] When asked at her deposition when she first spoke to Chief Nichols about Fassett's course of inappropriate comments, Plaintiff responded that she did not recall or could not remember. Gilbert Dep. pp. 132-133.  When pressed on this issue, Plaintiff testified that she spoke to Nichols about Fassett's "overall" conduct on several occasions while she was employed in the Department, id. p. 133, but that the "first time that [she] put everything out on the table for [Chief Nichols] to know" was "slightly before the Academy," which she attended in April 2008. Id.

[4] Nichols testified that she had been trying to keep Fassett and Gilbert separated as much as possible because they had trouble working together, although the trouble was not "sexual harassment related" but because Plaintiff had difficulties following the chain of command as Fassett required.  Nichols Dep. pp. 41-42.

2

law.[5]  This additional evidence left unanswered the question of when Plaintiff complained about the alleged sexual harassment, see e.g. Dec. 16, 2008 N.Y. Gen. Mun. L. § 50(h) hearing trans. pp. 78-80;[6] Nichols Dep. pp. 33-37,[7] but confirmed that on either of the two possible dates of disclosure, Plaintiff instructed Nichols to take no action relative to her complaint. See Feb. 25, 2011 Dec. & Ord. pp. 5 - 7.  The evidence also indicated that, on either date, Nichols took prompt remedial action in the nature of, *inter alia*, scheduling Plaintiff and Fassett to different shifts. Id.

Plaintiff now cites record evidence that, when construed in the light most favorable to her, supports her contention that she disclosed the sexually harassing conduct to

---

[5] In the normal course, the Court is not required to take this additional step. See Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 291 (2d Cir. 2000)(The Local Rules require the parties "to clarify the elements of the substantive law which remain at issue because they turn on contested facts" and the Court "is not required to consider what the parties fail to point out.")(internal quotation marks and citations omitted); see also Amnesty America v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002)("We agree with those circuits that have held that FED. R. CIV. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.")(citations omitted)

[6] After being questioned about the alleged sexual harassment by Fassett, Plaintiff testified:

Q:    Did you complain to the Chief about this?

A:    Yes.

Q:    When?

A:    Again, going back to the exact date, I don't know.  Her and I — I asked her: Can we please talk because I don't know what to do?  So her and I walked around Cooperstown for almost two hours, just her and I, and I told her everything.  I poured my heart out about everything that was going on.  And she kept saying NFW . . . which is an abbreviation for "no f____en way." . . . She's like: I can't believe this.  And I said to her: I'm telling you because I'm going to try to do something about it.  And if something bad happens, I want you to know why. . . . I told her everything, from point A to point Z.  Didn't hold anything back.  It was embarrassing. . . . I told her [the things Fassett had said in comparing Plaintiff's breasts to the Chief's breasts].  I told her I'm going to handle it. . . . I just want you to know because of the whole sergeant/rookie thing.  So she said: Okay, but keep me posted.

Gilbert Gen. Mun. L. § 50(h) Trans., pp. 78-80.

[7] Nichols testified that the first and only time that she received a complaint from Plaintiff regarding a sex-based statement by Fassett was in October or November of 2007. See Nichols Dep. pp. 33-37.

3

Nichols on at least three occasions.[8] Because there may have been a disclosure of sexually harassing conduct on a date which did not result in prompt remedial action, a question of fact exists as to whether Defendants have satisfied their burden of establishing the Faragher/Ellerth defense. See Gorzynski v. Jetblue Airways Corp., 596 F. 3d 93, 103 (2d Cir. 2010);[9] see also Sassaman v. Gamache, 566 F.3d 307, 314–315 (2d Cir. 2009).[10] This compels against the issuance of summary judgment on the basis of this defense. See Saaidi v. CFAS, LLC, 740 F. Supp.2d 357, 367 (N.D.N.Y. 2010); Smith v. Town of Hempstead Dept. of Sanitation Sanitary Dist. No. 2, --- F. Supp.2d ----, 2011 WL 2837504, at * 7 (E.D.N.Y. 2011); Prince v. Madison Square Garden, 427 F. Supp.2d 372, 382 (S.D.N.Y. 2006). Likewise, because a question of fact exists as to the action Nichols took in response to each of Plaintiff's complaints of sexual harassment, Nichols's claim for qualified immunity must be denied at this time.

Accordingly, those portions of the February 25, 2011 Decision and Order that dismissed (1) the Title VII and NYHRL sexual harassment/hostile work environment claims against the Village of Cooperstown; and (2) the § 1983 Equal Protection sexual harassment/hostile work environment claim against Nichols are **vacated**. The Village of Cooperstown may renew its Faragher/Ellerth defense at the time of trial, including on the

---

[8] In support of this argument, Plaintiff cites to pages 78-79 & 82-83 of her December 16, 2008 Gen. Mun. L. § 50(h) hearing transcript; pages 19, 21, and 132-133 of her July 23, 2010 deposition; paragraphs 13 & 14 of her affidavit, and pages 33-37 of Chief Nichols's deposition.

[9] (An element of the defense which must be established by the defendant is that "the employer exercised reasonable care to prevent and correct promptly any [discriminatory] harassing behavior.")(citations omitted)

[10] (a court may consider an employer's failure to conduct an adequate investigation or to undertake an appropriate response as evidence of discrimination or liability)

4

NYHRL claim. See Edrisse v. Marriott Intern., Inc., 757 F. Supp. 2d 381, 388-89 (S.D.N.Y. 2010);[11] see also Barnum v. New York City Transit Authority, 878 N.Y.S.2d 454, 455-56 (2nd Dept. 2009).[12] Nichols may renew her claim of qualified immunity at the time of trial.

## III. CONCLUSION

For the reasons discussed above, Plaintiff's motion for reconsideration [dkt. # 84] is **GRANTED IN PART and DENIED IN PART**. The motion is **granted** inasmuch as those portions of the February 25, 2011 Decision and Order that dismissed (1) the Title VII and NY Human Rights Law sexual harassment/hostile work environment claims against the Village of Cooperstown; and (2) the § 1983 Equal Protection sexual harassment/hostile work environment claim against Nichols are **VACATED**. The motion is **denied** in all other respects.

**IT IS SO ORDERED**

Dated: August 11, 2011

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

---

[11] (Applying the Faragher/Ellerth defense to claims brought under Title VII, 42 U.S.C. § 1981, and the NYSHRL, but not applying it to claims brought under the NYCHRL because of the New York Court of Appeals's decision in Zakrzewska v. New School, 14 N.Y.3d 469, 902 N.Y.S.2d 838, 928 N.E.2d 1035 (2010))

[12] ("[U]nder Executive Law § 296, it is a defense to a claim of harassment arising from the conduct of a supervisory employee that the employer exercised reasonable care to prevent and correct promptly [the] discriminatory conduct ... and that the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to otherwise avoid harm.")(interior quotation marks and citations omitted)

5