UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER GILBERT,

                             **Plaintiff,**

   -against-                                    3:09-CV-754 (TJM/DEP)

VILLAGE OF COOPERSTOWN, NEW YORK;
CHIEF OF POLICE DIANA NICHOLS; and
SERGEANT FASSETT,

                             **Defendants.**
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

**I.   INTRODUCTION**

In the February 25, 2011 Decision and Order, the Court granted Plaintiff's application to amend her Complaint at ¶ 20(G) to include the allegation that Defendant Nichols told a representative of Bassett Hospital not to hire Plaintiff "since her performance at the Village Police Department was 'not to standards.'"  Plaintiff amended the Complaint, and Defendant now moves to dismiss Plaintiff's: (1) common law defamation claim; (2) New York State Human Rights Law claim against Defendant Nichols; and (3) breach of contract claim. See Cross-motion, dkt. # 100.  For the reasons that follow, the motion is denied.

1

**II.     DISCUSSION**

    **a.     Defamation Claim**

The defamation claim asserted in the Amended Complaint contains allegations of statements that are susceptible to a defamatory connotation. See Am. Compl., ¶ 20(G).[1] The allegation that Defendants told a Bassett Hospital representative that Plaintiff was terminated from the Village of Cooperstown Police Department because "she was making sexual advances towards her married sergeant and her behavior was so disruptive that they had to terminate her,"[2] if false, is defamatory in that it "tends to expose [Plaintiff] to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of [her] in the minds of right-thinking persons, and to deprive [her] of their friendly intercourse in society." Dillon v. City of New York, 261 A.D.2d 34, 37-38 (N.Y. App. Div. 1st Dept. 1999).

    The addition of the allegation that "Defendant Nicols and others acting in concert with her, defamed and maligned Plaintiff and her character when they maliciously advised Bassett Hospital that Plaintiff should not be hired since her performance at the Village Police Department was 'not to standards'" does not warrant dismissal of the claim. The "up to standards" statement, when considered in context, is itself susceptible to a defamatory connotation. See Allen v. CH Energy Group, Inc., 58 A.D.3d 1102, 1103 (N.Y.

---

[1] Plaintiff alleges at paragraph 20(G) of the Amended Complaint:

G. In a further effort to intimidate Plaintiff for her complaints of discrimination, in July 2008, Defendant Nicols and others acting in concert with her, defamed and maligned Plaintiff and her character when they maliciously advised Bassett Hospital that Plaintiff should not be hired since her performance at the Village Police Department was "not to standards". Further, upon information and belief, Bassett was told that her employment with the Village was terminated because "she was making sexual advances towards her married sergeant and her behavior was so disruptive that they had to terminate her." As a result, the employment and position Plaintiff was offered by Bassett Hospital was rescinded.

[2] This allegation was contained in the Complaint.

2

App. Div. 3rd Dept. 2009)(The context of the entire statement must be considered, "tested against the understanding of the average [person].")(citation omitted); Rossi v. Attanasio, 48 A.D.3d 1025, 1027 (N.Y. App. Div. 3rd Dept. 2008)("A statement which concerns a person in [her] trade or business and tends to injure [her] therein is actionable *per se*.") (interior quotation marks and citations omitted). Thus, even if the "up to standards" statement is merely the opinion of the speaker, a fact finder could conclude, when viewed in context, that it was spoken with a defamatory purpose. See 02/25/11 Dec. & Ord., p. 23.[3]  Therefore, the motion on this ground is denied.

### b.   NYSHRL Hostile Work Environment Claim

The Court's August 11, 2011 Decision and Order, which reinstated the § 1983 Equal Protection hostile work environment claim against Nichols, defeats Defendants' argument that the NYSHRL hostile work environment claim against Nichols (alleging that she failed to take appropriate action in response to Plaintiff's complaints of sexual harassment) must be dismissed. As explained in the August 11, 2011 Decision and Order, a question of fact exists as to when Nichols was advised of a course of sexual harassment perpetrated against Plaintiff. Moreover, a question of fact exists as to the action that Nichols took in response to Plaintiff's complaints. Thus, the motion in this regard is denied.

---

[3]("[A] reasonable inference could be drawn that the "standard" to which Nichols referred was the more generalized Department work standard. A reasonable inference could also be drawn that, based on Nichol's professed attempts to re-admit Plaintiff into the Police Academy and/or gain her admission into other academies, Plaintiff did meet the Department's work standard. Thus, it is possible that a fact finder could conclude that Nichol's statement to Middleton was false and intended to interfere with Plaintiff's prospects of future employment.)

### c.  **Breach of Contract Claim**

Defendants also seek to dismiss Plaintiff's breach of contract claim. The breach of contract claim asserted in the Amended Complaint is the same as the breach of contract claim in the Complaint.  Defendants do not explain why the claim was not addressed on their summary judgment motion, nor do they provide any basis for dismissal other than to assert that the Amended Complaint "fails to identify the purported contract or the defendants' breach of same." Cross Mot., p. 8.  Plaintiff counters:

> The Employee Handbook of the Village of Cooperstown prohibits sexual harassment and guarantees employees who report sexual harassment that "The Village will not in any way retaliate against [that] individual". (Bosman, Aff., Exh. C). By bringing this motion now Defendants have deprived the Plaintiff of a full and fair opportunity to litigate the issue.  They have not established the absence of a material fact issue with respect to Plaintiff's contract claim which Plaintiff pled and grounded in the rules and regulations provided to her in an Employee Handbook of the Village of Cooperstown.

Plf. Opp., p. 7.

Although the claim appears to be duplicative of Plaintiff's Title VII and NYSHRL retaliation claims, that determination cannot be made on the instant Rule 12(b)(6) motion. Because Plaintiff has asserted a plausible breach of contract claim, see Am. Compl., ¶¶ 19, 53-55,[4] the motion in this regard is denied.  Defendants can re-assert their arguments

---

[4]  It is asserted at ¶ 19 that "Plaintiff is a civil service employee and a member of the Union and employees as such are protected by the contract in effect entered into by the Village of Cooperstown with its employees. Such contract provides for the fair and equal treatment in matters of pay and terms of employment including discipline and sanctions for misconduct of employees without regard to gender, race, age, or other classification."

The Breach of Contract claim (Twelfth Cause of Action), contained at ¶¶ 53-55 of the Amended Complaint, alleges:

> 53. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 52 above.

(continued...)

for dismissal at trial.

### III.  CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss portions of the Amended Complaint (dkt. # 100) is **DENIED**.

**IT IS SO ORDERED**

**Dated:** September 20, 2011

Thomas J. McAvoy
Senior, U.S. District Judge

---

[4](...continued)
54. By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under contract between the Village of Cooperstown and the police union in that Plaintiff was discriminated against and retaliated against and otherwise subjected to a deprivation of her rights.

55.  As aforementioned, Plaintiff has sustained damages.